# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>ALONZO KING,<br><br>      Defendant. | No. CR07-4038-MWB<br><br>**ORDER** |

_____

This matter came on for hearing on March 3, 2008, on the defendant's request to reopen his detention hearing pursuant to 18 U.S.C. § 3142(f). Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant appeared in person with his attorney Stuart Dornan. The defendant had a detention hearing before a magistrate judge in the Western District of Missouri, and on February 4, 2008, the magistrate judge issued a Detention Order finding that no condition or conditions of release would reasonably assure the defendant's appearance as required and the safety of the community. *See* Doc. No. 5, pp. 25-29. The defendant asks the court to review that order, and to release him to reside with his sister pending trial. *See* Doc. No. 16.

In an initial detention hearing, the court must determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the

community if the court finds there is probable cause to believe the defendant committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

The Missouri magistrate judge found the defendant had failed to rebut the presumption that he would be a flight risk, and had failed to rebut the presumption that he would be a danger to the community if released. In the present proceedings, the defendant offered the testimony of his sister, Deana Brantley, who is willing to act as a third-party custodian for the defendant pending his trial. In the previous detention order, the Missouri magistrate judge indicated that if the defendant were released pending trial, he would return to live with his mother and stepfather – the same residence in which he was arrested. The court finds the proffer of a different, stable residence with a stable, upstanding third-party custodian constitutes information that was not known to the defendant or the court at the time of the previous hearing and has a material bearing on the detention issue. Nevertheless, despite Ms. Brantley's obvious concern for the defendant and his welfare, the court finds her testimony fails to rebut the presumption on either prong.

The Government offered the testimony of Deputy U.S. Marshal Charles McCormick, who testified the defendant was aware that law enforcement officers were looking for him in mid-December 2007. The court finds it was the defendant who spoke with McCormick, and further finds the defendant either lied about or misrepresented his whereabouts at the time he spoke with McCormick.

The Government also offered the testimony of Task Force Officer Brad Downing, who testified regarding three controlled buys of crack cocaine from the defendant during 2007. Downing also indicated numerous cooperating individuals have provided officers with information regarding the defendant's drug trafficking activities. Further, one individual provided information to officers that only yesterday, during transport from the jail to the federal courthouse, the defendant made statements suggesting he is a flight risk.

Based on the evidence presented, together with the lengthy sentence the defendant faces if convicted on the present charges, the undersigned concurs with the findings of the Missouri court that the defendant is both a flight risk and a danger to the community, and the Government has so proved by clear and convincing evidence. Accordingly, the defendant's request for review of his pretrial detention status is **denied**, and the defendant remains **detained**, as previously ordered.

**IT IS SO ORDERED.**

**DATED** this 3rd day of March, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT